**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-5027**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LATRON MONTAGUE,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, Chief District Judge.  (CR-04-116)

_____

Submitted:  October 31, 2006          Decided:  November 29, 2006

_____

Before WILLIAMS and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Diana H. Cap, Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Latron Montague pled guilty to one count of possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2000). Montague was sentenced to thirty-seven months' imprisonment. On appeal, Montague contends the district court abused its discretion by denying his motion to withdraw his guilty plea. We affirm.

A defendant may withdraw a guilty plea prior to sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether a defendant should be allowed to withdraw his guilty plea, a district court should consider:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the Government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000).

The relevant factor at issue in this appeal is whether Montague has credibly asserted his legal innocence. Montague

argues that <u>North Carolina v. Allen</u>, 615 S.E.2d 256, 265 (N.C. 2005) (holding, after <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), statutory maximum is the maximum a defendant can face in light of his criminal history and the facts found by a jury or admitted by defendant), establishes his legal innocence. Montague's argument is squarely foreclosed by this court's decision in <u>United States v. Harp</u>, 406 F.3d 242, 246-47 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 297 (2005), which holds that <u>United States v. Jones</u>, 195 F.3d 205 (4th Cir. 1999), is still viable after <u>Blakely</u> and <u>United States v. Booker</u>, 543 U.S. 220 (2005), and reaffirms that a prior North Carolina conviction satisfies § 922(g)(1) if any defendant charged with that crime could receive a sentence in excess of one year. Thus, because it is undisputed that a sentence of over twelve months could be imposed on a defendant convicted of felony breaking and entering a motor vehicle in North Carolina, Montague's prior conviction was properly considered a predicate felony under § 922(g)(1). Therefore, we conclude the district court did not abuse its discretion in denying Montague's motion to withdraw his guilty plea.

Accordingly, we affirm Montague's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED